U-U



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-5741
Re: Is the nurses' dormitory a
public school or public hos-
pital under Section 25(a) of
the Liquor Control Act, or a
school or other educational
institution under the city
ordinance quoted, and related
questions?

Your recent request for an opinion of this depart-
ment on the questions stated herein has been received.

We quote from your letter as follows:

"We would like to have your opinion in
regard to the proper application of Section
25 (a) of Article I of the Texas Liquor Con-
trol Act (Art. 666, Penal Code) to the follow-
ing situations:

"1.

"The physical facts in connection with
this question are shown on the map attached
thereto and marked Exhibit "A". The question
involved is whether the red line or the yel-
low line represents the proper way to measure
the distance between the front door of a
church, hospital or school and the front door
of a liquor establishment, under the provi-
sions of Section 25 (a). We are primarily
interested in whether or not you must measure
along the property line until you reach an
intersection, or whether you can measure

directly across the street in the middle of
a block before reaching an intersection. As
you will note, the yellow line represents the
measurement across the street in the middle
of the block, while the red line goes to the
intersection before crossing. The yellow
line measures 195 feet, while the red line
measures 400 feet.

"2.

"The physical facts are shown by map
marked Exhibit 'B', attached hereto. The
question again is whether the red or the yel-
low line represents the proper method of
measuring the distance of 300 feet called
for in Section 25 (a). The principal question
under this state of facts is whether you can
measure diagonally across a street intersection
(as the yellow line indicates) or whether you
must cross the intersection at right angles
(as the red line does, and as pedestrians are
required to do). In this case, the red line
measures 301 feet, while the yellow line is
273 feet.

"3.

"The physical facts are shown by the map
attached hereto and marked Exhibit 'C'. The
nurses' dormitory shown on this plat is used
by student nurses who are in training at Park-
land Hospital. The Hospital is located on
the same tract of land with the dormitory,
but is a separate building. The Hospital is
considerably more than 300 feet from the liquor
establishment. The Liquor Ordinance of the
City of Dallas provides as follows:

"'No license or permit of any kind
provided for under this chapter shall
be issued to any dealer or person en-
gaged in the handling of alcoholic
beverages as defined in the Texas Liquor
Control Act where the place of business
of any such dealer is within 300 feet of

Honorable Bert Ford, Administrator, Page 3

any church, school or other educational
institution, measurements to be made
along the property line of the street
fronts and from front door to front door
and in a direct line across intersections
(street) where they occur; provided,
however, that this provision shall not
apply within the downtown area of the
City of Dallas and included within that
area bounded by McKinney Avenue, Pearl
Street, Canton Street and Lamar Street.'

"The questions raised under this state of
facts are:

"(a)  Is the nurses' dormitory a 'pub-
lic school' or 'public hospital' under
Section 25 (a) of the Liquor Control Act,
or a 'school or other educational insti-
tution' under the city ordinance quoted
above?

"(b)  In measuring the distance 'from
front door to front door' etc., do you
consider the junction of Reagan and
Maple an intersection under the statute?

"(c)  If this is an intersection, do
you measure as shown by the yellow line,
or as shown by the red line; in other
words, do you measure across a T inter-
section diagonally or at right angles.

"4.

"The physical facts are shown by the map
attached hereto and marked Exhibit 'D'.  The
red and yellow lines represent the disputed
methods of measurement.  From an architectural
standpoint, the Gaston Avenue Baptist Church
faces on Gaston, and the Grace Methodist Church
faces on Junius.  All doors are used frequently,
and all will permit access to the church
auditorium, but the main entrances to the
church auditoriums are the ones that open on
Gaston and Junius, respectively.

"Section 208(a) of the Building Code of the City of Dallas provides:

"'That wherever any lots are laid off by any plat showing a frontage for said lots on any street or avenue in the residence section of the City all buildings erected on same, shall keep their frontage on said street or avenue so as to conform to the frontage of the lots shown on any such plat.'

"According to the plats of the lots on which the two churches are built, the Gaston Avenue Baptist Church is required to front on Gaston Avenue while the Grace Methodist Church is required to front on Junius Street. Under the Building Code of the City of Dallas, both of these churches are Group A buildings, and under Section 603 of the Building Code, all Group A buildings are required to have their 'main entrance and exit' on the street on which such buildings front. The questions submitted are:

"(a) Are the doors of the two churches, which open on Haskell, to be considered front doors within the meaning of Section 25 (a) and the ordinance of the City of Dallas quoted above?

"(b) Are all of the doors to the churches in question to be considered front doors?

"5.

"The physical facts are shown on the map attached hereto and marked Exhibit 'X'. The questions submitted are:

"(a) Is the door to the Sunday School room to be considered 'the front door of a church, public school or public hospital,' within the meaning of Section

Honorable Bert Ford, Administrator, Page 5

25 (a), or 'other educational in-
stitutions' under the city ordinance
quoted above?

"(b)  Is the door to the pastor's
study to be considered a front door?

"(c)  Is the junction of an alley and
a street to be considered an intersec-
tion under Section 25 (a) or under the
city ordinance?

"6.

"The physical facts are shown on the map
attached hereto and marked Exhibit 'F'.  The
question again is which of the colored lines
is the proper method of measuring distance
from front door to front door.  If neither of
these lines is proper, please state the proper
way to measure this distance.  The principal
question with which we are concerned is the
proper method to be used in crossing irregular
intersections such as this one.

"7.

"The physical facts are shown by map at-
tached hereto and marked Exhibit 'G'.  Which
of the colored lines is the proper way to
measure the distance involved?  The question
submitted is whether the door to the original
school building, or the door to the addition
is the front door under the statute.  Both
doors are used extensively.  Are both of the
doors front doors?

"8.

"The physical facts are shown on the map
attached hereto and marked Exhibit 'H'.  The
question again presented is what is the proper
way to cross an irregular intersection such
as is shown on this map?  Please designate
whether the red or the yellow line represents
the proper way to measure.

Honorable Bert Ford, Administrator, Page 6

"9.

"The physical facts are shown by map attached hereto and marked Exhibit 'J'. The liquor establishment shown on the map is a drive-in beer stand and beer is served to persons in cars parked on the lot on which the stand is located. The property line of this lot begins at the point marked 'A'.

"The question submitted is:

"where beer is served in parked cars, do you measure from the nearest corner of the lot on which the beer is served; or do you still measure from the front door of the building from which the beer is served?"

As we construe your opinion request, you are primarily interested in determining which door or doors of the premises described constitutes the "front door" or "front doors" of said premises and the proper method of manner of measurement from front door to front door in accordance with Section 25 (a) of Article 1 of the Texas Liquor Control Act. Article 666-25(a), Vernon's Annotated Penal Code, reads as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

As stated in our opinion No. O-2912, addressed to you and bearing date of December 12, 1940;

"The courts of this state have not interpreted the above mentioned act with reference

Honorable Bert Ford, Administrator, Page 7

to the manner or method of measurement. However, we think that the statute is clear and unambiguous and, as stated in the statute, the measurements are to be made along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur. . . .

"In other words, it is our opinion that the measurements are to be made along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur and the proper route to be followed is along said property lines regardless where they are situated, and from front door to front door and in direct line across intersections where they occur."

As stated in our opinion No. O-2062, addressed to you, and bearing date of March 19, 1940;

". . . we have been unable to find any case which contains a definition of the term 'front door'. However, we shall illustrate how the courts have construed the term 'front' in various situations.

"'The front of a lot, is very well known to be that part of the same which faces a street or streets. It may front on one street only or it may front on two. What is the front of a lot is determinable by its facing upon a public street or streets.' Des Moines vs. Dorr, 31 Iowa 89, 93.

"'Any side or face of a building is the front, although the word is more commonly used to denote the entrance side. . . . Back-front, rear-front, or four fronts of a house are all terms in common use - and there is no reason why a building should not "front" on two, three or four streets, or that two, three or four streets should not be "in front thereof"; all such streets

Honorable Bert Ford, Administrator, Page 8

would, I think, "confront" the building.'
Re Dinnick, 3 Ont W N 1061 - Note 4(a)
27 Corpus Juris, page 910.

"'The "front property line", within
the restriction of deeds of property
platted into lots that no building shall
be erected within 20 feet of the front
property line of any street, includes,
in the case of a corner lot, the line
of the street on which is the side of
the lot, as well as the line of the
street on which the lot faces.' Waters
vs. Collins (N. J. Ch.) 70 Atl. 984,
citing Des Moines vs. Dorr, 31 Iowa, 89,
93.

"We think the term "front door' should
be construed so as to give effect to the lan-
guage used in Section 25 (a) of Article 2 of
the Texas Liquor Control Act and so as to
give effect to the evident intention of the
Legislature in the passage of the act. In
accordance with such construction we think
it was the intention of the Legislature to
allow the governing authority of cities, towns
and counties the right to prohibit the sale
of alcoholic beverages by any dealer where
the place of business of such dealer was
within the prohibited distance from a church,
public school or hospital, using the basis
of measurement outlined by the statute.

"We think the term 'front door' as used
in said statute means any outside entrance
door facing or fronting a public street.
Therefore a church, school, hospital or liquor
dealer's place of business could have one or
more 'front doors', dependent upon the facts
in the case. We think there should be at
least 300 feet between the 'front door' or any
of the 'front doors' of such places, using
the system of measurement outlined by the
statute."

Honorable Bert Ford, Administrator, Page 9

Apparently all of the questions submitted in your inquiry are mixed questions of both law and fact. The plats attached to your letter do not indicate the location of the property lines of the various premises under consideration. This opinion is written on the assumption that the lines as drawn follow the property lines of the street fronts.

Both the Ordinance of the City of Dallas and the related statutory provisions state that the measurement of 300 feet is "to be along the property lines of the street fronts and from front door to front door and in a direct line across intersections where they occur." We believe that the primary intention of the Legislature and of the City Council of Dallas was to prohibit the establishment and maintenance of a place of business engaged in the sale of alcoholic beverages within 300 feet of any church, public school or public hospital, regardless of whether such place of business was located on the same side of the street or the opposite side of the street from the church, public school or hospital. While it is true that the method of measurement prescribed must be followed, it is equally true that no construction should be put upon the directions therein contained which would defeat the intention of the Legislature and result in an absurdity. Using Exhibit "A" as an example we find that the route indicated by the red line proceeds from the church to a street intersection, crosses that intersection and proceeds back to the front door of the place of business indicated, covering a total distance of 400 feet. The route indicated by the yellow line on Exhibit "A" proceeds from the front door of the church, follows the property line to a point opposite the front door of the business establishment and then proceeds directly across to such front door, covering a total distance of 195 feet. If the route indicated by the red line is correct, it becomes obvious immediately that while the place of business in question could not be established upon the same side of the street within 300 feet of the church indicated, that as a matter of fact the place of business shown in Exhibit "A" on the opposite side of the street can be placed within 200 feet of the church. To adopt such an interpretation of the statute and ordinance involved would be to defeat the intention and purpose of their enactment. We believe that the route followed by the yellow line in Exhibit "A" is correct, and that it logically follows the directions set out in the statute and the ordinance. No

Honorable Bert Ford, Administrator, Page 10

provision appears which takes into consideration street inter-
sections unless they occur, and since no street intersection
occurs in Exhibit "A" between the church and the place of busi-
ness, no apparent reason exists for proceeding to the inter-
section in making the measurement, nor does any provision of
the statute or ordinance so direct.

Exhibit "B" furnishes a concrete and simple example
of a case in which a street intersection is involved, to-wit,
a church located on one corner and a place of business engaged
in the sale of alcoholic beverages located upon a corner diag-
onally opposite the church from the street intersection. The
route indicated by the red line in Exhibit "B" covers a dis-
tance of 301 feet. The route indicated by the yellow line
covers a distance of 275 feet. The Legislature, in prescrib-
ing the method of measurement, has stated that we are to follow
property lines of street fronts and from front door to front
door. Where no street intersection occurs and where property
lines are existent, this direction is sufficient, but in the
case exemplified by Exhibit "B" a street intersection occurs
between the church and the place of business and the property
lines are interrupted by the street intersection. In this case
the Legislature has instructed that the measurement is to be
made in a direct line across the intersection. Obviously, the
most direct route across the street intersection indicated on
Exhibit "B" is that taken by the yellow line which proceeds
diagonally across from the corner upon which is located the
place of business to the corner upon which is located the church.
The route indicated by the red line is not direct and operates
to defeat the purpose and intention of the statute.

As a further example, Exhibit "E" reflects a differ-
ence of more than 150 feet between the routes indicated by the
red line and the yellow line and indicates clearly the absurd
situation which may result if we do not keep in mind the situa-
tion which the statute sought to remedy by the enactment of
legislation such as the City Ordinance before us. In other
words, we feel that the Legislature intended that the shortest
practicable route should be followed in measuring the distance
between the two structures involved, following property lines
where practicable and proceeding directly across street inter-
sections where such intersections occur between the points of
measurement, breaking the property lines.

Honorable Bert Ford, Administrator, Page 11

In view of the fact that the questions which you have asked closely relate to and are illustrated by the attached exhibits, we render this opinion upon the individual exhibits in the order attached. We are of the opinion that the route indicated by the yellow line in Exhibit "A" covering a distance of 195 feet is the proper route to be followed and reflects a correct measurement under the statute and ordinance involved. We are of the same opinion as to the route indicated by the yellow line on Exhibit "B." Exhibits "A" and "B" we believe reflect typical examples of measurement in contrary instances, first where no street intersection is encountered, second, where one exists between the points of measurement, and it is our opinion that the yellow line routes are correct methods of measurement.

For the purposes of this opinion we do not find it necessary to determine whether or not the nurses' dormitory appearing in Exhibit "C" is a public school or a public hospital within the meaning of the City Ordinance. The junction of Reagan Street on to Maple Street as it appears in Exhibit "C" does not intersect Maple Street and the property lines are not disturbed. We feel, therefore, that the measurement should be governed by the instruction in the statute and ordinance which states that property lines should be followed from front door to front door. No necessity exists for crossing an intersection in this example.

The situation presented in Exhibit "E" is governed largely by our decision that either door indicated in the Exhibit may be considered as a front door in accordance with Section 25a of Article 1 of the Texas Liquor Control Act. We do not think that the red line reflects a proper route for measurement. If the yellow line follows property lines, it is correct. If it does not, it should be reformed to follow property lines in accordance with the language of the statute and ordinance.

Somewhat the same situation is presented in Exhibit "D." Any of the doors shown on the church as appearing on Exhibit "D" may be considered front doors. It is, therefore, our opinion that the route indicated by the red line is improper and incorrect. We think that the routes indicated by the yellow line on Exhibit "D" are in compliance with the statute and ordinance and follow the directions therein set out for taking measurements.

In our opinion neither the route indicated by the red line nor that indicated by the yellow line in Exhibit "F" is correct. Property lines should be followed as far as practicable and as far as such property lines exist, from front door to front door. If a street intersection occurs measurement should be in a direct line across the street intersection.

It is our opinion that the route indicated by the yellow line on Exhibit "G" is correct, since both or either of the doors appearing on the school may be regarded as front doors.

We are of the opinion that the route indicated by the yellow line on Exhibit "H" furnishes the correct basis for measurement and that the route indicated by the red line is improper.

We are of the opinion that the red line reflects the proper route to be followed in making the measurement in Exhibit "J." The statute does not authorize a measurement which is made from a driveway or any particular place on a lot upon which beer is served from an establishment. On the contrary it directs that the measurement must be made from the front door of one building to the front door of the other. Since the measuring point on the premises involved is definitely fixed in our statute and ordinance, the variation reflected by the yellow line on Exhibit "J" is unauthorized.

Trusting that we have fully answered the questions presented in your letter, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 26, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Ross Carlton
Assistant

RC:ej


THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE